**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucky Aletor Jackson, ) | CV 07-0893-PHX-MHM (JI) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Alberto Gonzalez, et al., ) | |
| ) | |
| Respondent. ) | |
| ) | |

On April 30, 2007, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his continued detention pending removal to Nigeria (Doc. 1). The matter was referred to United States Magistrate Judge Jay R. Irwin who has issued a Report and Recommendation ("R&R") recommending dismissing without prejudice Petitioner's Petition for Writ of Habeas Corpus for failure to prosecute (Doc. 16).

The district court must review the Magistrate Judge's findings and recommendations *de novo* if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or status but by the control necessarily

1 vested in courts to manage their own affairs so as to achieve the orderly and expeditious 2 disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). "Accordingly, 3 when circumstances make such action appropriate, a District Court may dismiss a complaint 4 for failure to prosecute even without affording notice of its intention to do so or providing an 5 adversary hearing before acting. Whether such an order can stand on appeal depends not on 6 power but on whether it was within the permissible range of the court's discretion." Id. at 7 633.

8 Petitioner alleges that he was ordered removed on June 24, 1997, was released on order 9 of supervision in 1999, retaken into custody on July 13, 2006, and has now been detained 10 more than 180 days. On June 25, 2007, mail from the Clerk of the Court to Petitioner was 11 returned undeliverable, which indicates that Petitioner had been released from custody. 12 Accordingly, on July 5, 2007, Magistrate Judge Irwin issued an order giving the parties fifteen 13 days to show cause why the Petitioner should not be dismissed as moot in light of Petitioner's 14 apparent release from custody (Doc. 11). On July 13, 2007, Petitioner's copy of Jude Irwin's 15 order was returned as undeliverable (Doc. 13). On July 20, 2007 Respondents filed their 16 Suggestion of Mootness (Doc. 15) in which they indicated that, indeed, Petitioner had been 17 released on conditions of supervision on or about June 8, 2007. Since his release, Petitioner 18 has not filed a notice of change of address.

19 On July 27, 2007, Judge Irwin issued an R&R recommending that the Court dismiss 20 without prejudice Petitioner's Petition for Writ of Habeas Corpus for failure to prosecute 21 (Doc. 16).[1] This Court agrees with Judge Irwin's recommendation.

22 **Accordingly**,

23 **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc. 24 16) in its entirety as the Order of the Court.

---

26
27 [1] The copy of Judge Irwin's R&R mailed to Petitioner also was returned as undeliverable.

28

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is dismissed without prejudice.

DATED this 14th day of September, 2007.

_____
Mary H. Murguia
United States District Judge